UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR J. ROUSE, et al.,

    Plaintiffs,                                    Civil Action No. 20-cv-11409

vs.

                                              HON. MARK A. GOLDSMITH

HEIDI E. WASHINGTON, et al.,

    Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Dkt. 164)

This is a class action for injunctive relief brought by Plaintiffs, prisoners incarcerated at the Southern Michigan Temporary Facility (SMT), against Defendants, current or former employees of either SMT or the Michigan Department of Corrections (MDOC). Plaintiffs previously filed a motion for a preliminary injunction (Dkt. 144), arguing that Defendants' current COVID-19 protocols are insufficient and asking the Court to order Defendants to implement additional measures. In their reply in support of their motion for a preliminary injunction (Dkt. 157), Plaintiffs argued that a pre-pandemic case, Darrah v. Drisher, 865 F.3d 361 (6th Cir. 2017), was the controlling precedent, not Wilson v. Williams, 961 F.3d 829 (6th Cir. 2020).

The Court denied Plaintiffs' motion for a preliminary injunction (Dkt. 161). As the Court explained, under "the controlling precedent on deliberate indifference by prison officials in responding to the COVID-19 pandemic" in this circuit, Wilson, Plaintiffs had not shown a strong likelihood of success on the merits. Id. at 6–12. In reaching this conclusion, the Court described why Plaintiffs' arguments in reliance on Darrah were "misplaced," id. at 11–12, and why Defendants' alleged failure to take certain additional preventative measures did not show that

Defendants acted unreasonably, id. at 9 ("Wilson dictates that prison officials are not required to 'take every possible step to address a serious risk of harm.'") (quoting Wilson, 961 F.3d at 844). The Court also determined that Plaintiffs failed to establish irreparable harm absent a preliminary injunction by not substantiating their claim that their requested relief would prevent an increase in positive infections. Id. at 12–14. Finally, the public interest—specifically, "separation of powers and federalism concerns" and "the potential deleterious impact of a preliminary injunction on the functioning and safety of Michigan's prison system"—favored denying the motion. Id. at 14–16.

Plaintiffs have now filed a motion for reconsideration of the Court's opinion denying their motion for a preliminary injunction (Dkt. 164).[1] Local Rule 7.1(h)(2) governs motions for reconsideration of non-final orders. As that rule states, such motions "are disfavored." E.D. Mich. LR 7.1(h)(2). Further, such motions can be brought only on the three grounds set forth in the rule. See E.D. Mich. LR 7.1(h)(2)(A)–(C). Plaintiffs base their motion on the first ground— that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A).[2]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on Plaintiff's motion. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). Pursuant to E.D. Mich. LR 7.1(h)(3), Defendants did not file a response to the motion.

[2] In attempting to challenge the Court's conclusion that a "deleterious impact of a preliminary injunction" could include staffing shortages, see 3/9/22 Op. at 15, Plaintiffs cite an article published on February 2, 2022, and argue that "[i]t is proper for this Court to consider this new evidence on a motion for reconsideration because the article was published two days prior to Plaintiffs' filing their reply and they did not discover it at the time and could not have reasonably discovered it given the timing of their Reply." Mot. at 19 n.10 (citing E.D. Mich. LR 7.1(h)(2)(C)). Because the article was published before Plaintiffs' reply deadline, they could have

Plaintiffs point to a number of "mistakes," such as the Court's reliance on Wilson, rather than on Darrah, and the Court's disagreement with Plaintiffs' position that Defendants' current COVID-19 mitigation efforts are insufficient to meet their Eighth Amendment obligations. Ultimately, all of these "mistakes" are just Plaintiffs' old arguments repackaged. The Court has already rejected these arguments, and a motion for reconsideration is not a proper vehicle to rehash such arguments. See Fischer v. United States, Case No. 1:19-cv-13020, 2022 WL 188126, at *1 (E.D. Mich. Jan. 19, 2022) ("A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper . . . .") (collecting cases); Saltmarshall v. VHS Children's Hosp. of Mich., Inc., 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019) ("A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments [that the party could have raised previously].") (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). The Court will not permit Plaintiffs a second bite at the apple.

Accordingly, the Court denies Plaintiffs' motion for reconsideration (Dkt. 164).

SO ORDERED.

Dated: May 6, 2022                              s/Mark A. Goldsmith
       Detroit, Michigan                        MARK A. GOLDSMITH
                                                United States District Judge

---

discovered it "with reasonable diligence before the [Court's March 9, 2022] . . . decision." E.D. Mich. LR 7.1(h)(2)(C). Thus, Local Rule 7.1(h)(2)(C) does not provide Plaintiffs a basis upon which they may successfully seek relief.